EFiled:  Feb 24 2023 05:33PM EST
Transaction ID 69221320
Case No. S22C-10-012 RHR

C.A. No. 09C-09-134 RRC
Superior Court of Delaware, New Castle County

# Maldonado v. Matthews

Decided Feb 23, 2010

C.A. No. 09C-09-134 RRC.

Submitted: January 6, 2010.

Decided: February 23, 2010.

Upon Defendant's Motion to Dismiss for Ineffective Service of Process.

**DENIED**.

Cynthia H. Pruitt, Esquire, Doroshow, Pasquale, Krawitz Bhaya, Wilmington, Delaware, Attorney for Plaintiff.

Christian G. Heesters, Esquire, Mintzer, Sarowitz, Zeris, Ledva Meyers, LLP, Wilmington, Delaware, Attorney for Defendant.

## <u>MEMORANDUM OPINION</u>

COOCH, J.

## I. INTRODUCTION

Defendant's motion to dismiss arises from a motor vehicle accident that occurred on September 7, 2007.[1] Plaintiff originally filed a complaint *2 in the Court of Common Pleas on April 9, 2009.[2] Defendant filed an Answer demanding a jury trial (which resulted in a transfer of the case to this Court) on August 26, 2009.[3] In that Answer, Defendant also raised ineffective service of process as an affirmative defense alleging that Plaintiff had not properly complied with the service requirements of the recently adopted Delaware long-arm statute.[4] Plaintiff had previously attempted to perfect service by certified mail, but the mailings were returned because Defendant apparently no longer lived at the

addresses where Plaintiff sent service.[5] Although Plaintiff filed two Proofs of Non-Receipt of Service with this Court, and received a voicemail from a person identifying herself as Defendant stating that she had received Plaintiff's mailings from her ex-husband, [6] Defendant contends that service was improper because 10 *Del. C.* § 3104 requires a signed receipt from Defendant to evidence proper service.[7] At issue in this motion to dismiss is whether Plaintiff properly served Defendant pursuant to 10 *Del. C.* § 3104, when Plaintiff attempted service using certified mail, did not obtain a signed receipt from Defendant evidencing that service was properly received, filed Proofs of Non-Receipt *3 of Service with this Court, and received a voicemail from a person identifying herself as the defendant stating that she had received Plaintiff's mailings.

[1] Def. Mot. to Dismiss at ¶ 1.

[2] *Id.* at ¶ 2.

[3] *Id.*

[4] 10 *Del. C.* § 3104.

[5] Pl. Ans. to Mot. to Dismiss at ¶ 2.

[6] Defendant apparently no longer lived with her ex-husband, but she indicated in the voicemail that her ex-husband had given her the mailings. Defendant never left a new address.

[7] Def. Mot. to Dismiss at ¶ 5.

This Court holds, under the particular facts of this case, that pursuant to 10 *Del. C.* § 3104, Plaintiff has provided evidence "satisfactory to the Court"

Maldonado v. Matthews    C.A. No. 09C-09-134 RRC (Del. Super. Ct. Feb. 23, 2010)

to demonstrate that service was proper. Accordingly, for the reasons stated below, Defendant's motion to dismiss for ineffective service of process is **DENIED**.

## II. FACTS and PROCEDURAL HISTORY

On April 14, 2009, Plaintiff filed suit against Defendant in the Court of Common Pleas in connection with a motor vehicle accident that had occurred on September 7, 2007.[8] On April 16, 2009, Plaintiff sent Notice of Service of Process, together with the signed and sealed Complaint and Summons to Defendant's last known address at 801 Elkton Blvd., Elkton, Maryland.[9] This address had been provided by Defendant to the Wilmington police immediately after the accident.[10]

> [8]  Def. Mot. to Dismiss at ¶ 1.
>
> [9]  Pl. Ans. to Mot. to Dismiss at ¶ 1.
>
> [10]  Id.

On May 16, 2009, the copy of the Summons, Complaint, and Notice of Service was returned by the postal service as "unclaimed."[11] Plaintiff *4 then filed a First Proof of Non-Receipt with the Court to evidence the unclaimed mailing.[12]

> [11]  Id. at Ex. C.
>
> [12]  Id. at ¶ 3.

On May 19, 2009, Plaintiff sent a second copy of the Summons, Complaint, and Notice of Service to the same address in Elkton, Maryland.[13] Additionally, Plaintiff attempted to search for other addresses where Defendant might be residing using the internet search engine Accurint.[14] This search revealed an address in Evanston, Illinois, and on May 22, 2009, Plaintiff sent copies of the Summons, Complaint, and Notice of Service by certified mail to the newly discovered Illinois address and a third mailing to the Maryland address.[15]

> [13]  Id.
>
> [14]  Id. at Ex. F.
>
> [15]  Id. at Ex. G.

On June 1, 2009, the May 19th service of process was returned by the postal service indicating "moved left no address, unable to forward, return to sender."[16] No affidavit of non-receipt was filed in connection with this return.

> [16]  Id. at ¶ 3.

On June 12, 2009, Plaintiff's attorney received a voicemail from a woman, who identified herself as Ms. Matthews.[17] In that voicemail, the caller stated that she had received Plaintiff's mailings because they were sent *5 to her ex-husband's residence (presumably the Illinois address).[18] Defendant indicated in that same voicemail that she no longer lived with her ex-husband, but she did not leave a new address.[19]

> [17]  Id. at ¶ 3.
>
> [18]  Id.
>
> [19]  Id. Plaintiff's counsel has submitted an affidavit that sets forth the above facts.
>
> > I, Cynthia H. Pruitt, being duly sworn according to law, does depose and say.
> >
> > 1. On June 12, 2009, I listened to a voicemail from a woman who identified herself as Tammy Mathews, defendant in the above-captioned case, stating that she had received the letter from my law firm, which contained the Complaint and Summons in this case and that it had been delivered to her ex-husband's house, and further stating that she no longer lived at that address.

Maldonado v. Matthews    C.A. No. 09C-09-134 RRC (Del. Super. Ct. Feb. 23, 2010)

2. The defendant did not leave any information regarding a new address during the above-referenced voicemail.

*See* Oct. 9, 2009 Aff. of Cynthia H. Pruitt, Esquire.

On June 20, 2009, the third mailing to the Maryland address was "returned for better address" and a Second Proof of Non-Receipt was filed with this Court on June 25, 2009.[20] Plaintiff never received any return receipt or mailing for the Evanston, Illinois address.

[20] Pl. Ans. to Mot. to Dismiss at Ex. H.

## III. PARTIES' CONTENTIONS

Defendant has moved to dismiss the Complaint, arguing that Plaintiff has failed to comply with the service requirements set forth in 10 *Del. C.* § 3104.[21] Specifically, Defendant argues that 10 *Del. C.* § 3104(e) requires that "[w]hen service is made by mail, proof of service shall include a receipt signed by the addressee or other evidence of personal delivery to the *6 addressee satisfactory to the Court."[22] Defendant argues that under the new Delaware long-arm statute, Plaintiff was required to have obtained a signed receipt as evidence of proper service, and that Plaintiff's attempt to file Proof of Non-Receipt did not comply with the statute.[23] Defendant asserts that Plaintiff was required to take additional steps to effectuate service.

[21] Although Defendant mentions that Plaintiff's method of service may have complied with the old Delaware long-arm statute, Defendant acknowledges that newly enacted 10 Del. C. § 3104 applies because the Complaint was filed after the effective date of that statute.

[22] Def. Mot. to Dismiss at ¶ 4 (citing 10 *Del. C.* § 3104(e)).

[23] *Id.* at ¶ 5.

THE COURT: And, again — and you're obviously not plaintiff's attorney — just repeat for me, please, your position of what plaintiff's counsel should have done when that first return receipt, unclaimed mailing came in? What should plaintiff have done then? MR. HEESTERS: Plaintiff could have chosen option one by hiring a private investigator or special process server to locate and serve the defendant; plaintiff could have chosen option two by using Maryland law to effectuate service; or plaintiff could have maintained option three by sending it via mail. However, plaintiff had the burden or the obligation to find a good address. Or plaintiff could have chosen option four and asked the Court what to do. Those are the four options provided by the statute in clear and unambiguous language.[24]

[24] Trans. of Nov. 9, 2009 Or. Arg. at 21-22.

Thus, Defendant argues that this Court should adopt a strict construction of the statutory requirements and dismiss this case because Defendant was never properly served pursuant to 10 *Del. C.* § 3104.

In response, Plaintiff argues that service was proper because Plaintiff's efforts were "vigorous and diligent," and because Plaintiff filed two Proofs of Non-Receipt with the Court.[25] Plaintiff argues that filing the Proofs of Non-Receipt is permitted under the long-arm statute to evidence *7 proper service.[26] Plaintiff also asserts that the voicemail left by Defendant demonstrates that Defendant had knowledge of the pending lawsuit.

[25] Pl. Ans. Mot. to Dismiss at ¶ 7.

[26] On December 16, 2009, after briefing and oral argument on this motion had concluded, Plaintiff filed with this Court an October 31, 2008 Legal Memorandum from Chief Magistrate Alan G. Davis entitled "Recent Long-Arm Statute Changes." Defendant has objected to this

Maldonado v. Matthews    C.A. No. 09C-09-134 RRC (Del. Super. Ct. Feb. 23, 2010)

submission as untimely. This Court has not considered any legal arguments contained in Plaintiff's submission and has relied on the original briefing.

## IV. Under Delaware's Long-arm Statute, Plaintiff has Provided Evidence of Service "Satisfactory to the Court"

The only issue before the Court in this motion to dismiss for ineffective service of process is whether Plaintiff complied with 10 Del. C. § 3104 when Plaintiff sent service using certified mail, did not receive a signed receipt from Defendant to evidence proper service, filed two Proofs of Non-Receipt with the Court, and received a voicemail apparently from Defendant indicating that Defendant had received service of the suit papers from her ex-husband.

The current version of 10 Del. C. § 3104 was enacted by the General Assembly effective October 7, 2008. The new statute revised Delaware's prior long-arm statute and was designed to place Delaware's long-arm statute in accord with the long-arm statutes adopted by other states.[27] Present 10 Del. C. § 3104 provides in pertinent part:

[27] See synopsis of 10 Del. C. § 3104.

(d) When the law of this State authorizes service of process outside the State, the service, when reasonably calculated to

8    give actual notice, may *8 be made:

(1) By personal delivery in the manner prescribed for service within this State.

(2) In the manner provided or prescribed by the law of the place in which the service is made for service in that place in an action in any of its courts of general jurisdiction.

9    (3) By any form of mail addressed to the person to be served and requiring a signed receipt.

(4) As directed by a court.

(e) Proof of service outside this State may be made by affidavit of the individual who made the service or in the manner provided or prescribed by the law of this State, the order pursuant to which the service is made, or the law of the place in which the service is made for proof of service in an action in any of its courts of general jurisdiction. When service is made by mail, proof of service shall include a receipt signed by the addressee or other evidence of personal delivery to the addressee satisfactory to the court.

Additionally, the synopsis accompanying this statute provides guidance in interpreting the requirements of 10 Del. C. § 3104. The synopsis states:

This Act simplifies the process to serve a nonresident for acts contained in this Section and will bring current Delaware's now cumbersome method of exercising jurisdiction into conformity with current practice. This will reduce the cost of service and improve judicial efficiency and reduce the time necessary to make service upon nonresidents. Delaware's current technical statute causes various motions to be filed in Court which have nothing to do with the underlying case, wasting judicial resources and increasing litigation costs. This Act is patterned after the Uniform Interstate and International Procedure Act, and has been enacted in substantially the same form in several states, including Pennsylvania, for over 25 years. 42 Pa. C.S. §§ 5322 5323. Therefore, there is already a body of case law implementing the proposed updating of the manner of service.

*9

Maldonado v. Matthews    C.A. No. 09C-09-134 RRC (Del. Super. Ct. Feb. 23, 2010)

The enactment of the new long-arm statute was
meant to create a less "cumbersome" method to
serve out-of-state residents.[28] "[D]ue process
requires [a party] to provide `notice reasonably
calculated, under all circumstances, to apprise
interested parties of the pendency of the action and
afford them an opportunity to present their
objections.'"[29] Thus, a party should take all
reasonable steps in attempting to provide notice to
a party of a pending lawsuit, and "when the
attempted notice letter [is] returned unclaimed,
and there was more that reasonably could be
done[,]" it is the responsibility of the party sending
notice to take additional steps to ensure proper
service.[30]

  [28] Id.

  [29] Jones v. Flowers, 547 U.S. 220, 221
  (2006).

  [30] Id. at 238.

Here, Plaintiff took additional steps beyond just
sending one mailing. Plaintiff sent at least three
mailings to Defendant's Maryland address.
Additionally, Plaintiff researched on the internet
other potential locations where Defendant might
be residing and mailed service to an address in
Evanston, Illinois. Plaintiff also filed proof of non-
receipt with this Court. These additional steps
demonstrate that Plaintiff took all steps that
10 "reasonably could be done."[31] *10

  [31] Id.

Additionally, Plaintiff has submitted "other
evidence of personal delivery to the addressee
satisfactory to the court." Plaintiff's counsel has
averred by affidavit that a voicemail was received
by her from a person who identified herself as Ms.
Matthews. In that same voicemail, the caller
acknowledged receipt of service. That voicemail
provides this Court with additional "satisfactory"
evidence that service of process was received by
Defendant.

"The very nature of due process negates any
concept of inflexible procedures universally
applicable to every imaginable situation."[32]
Although the statute provides a framework that
parties can use when attempting service, it does
not provide guidance for every possible situation,
and the General Assembly appropriately gave the
Court discretion to determine whether service was
proper.

  [32] Cafeteria and Restaurant Workers Union,
  Local 473, AFL-CIO v. McElroy, 367 U.S.
  886, 895 (1961).

Thus, in Bromhall v. Rorvik, the United States
District Court for the Eastern District of
Pennsylvania applied the Pennsylvania long-arm
statute[33] and found that service was proper when
the Complaint had been sent by certified mail to
the defendant's address in Montana and returned
11 by the *11 postal service as "refused."[34] The
defendant later acknowledged that he had received
a copy of the Complaint from his attorney.[35] The
Court held that "[i]t is a reasonable inference that
the defendant himself, or someone authorized by
him, refused to accept the communication," and "
[t]he record contains ample `other evidence of
personal delivery to the addressee' which is
`satisfactory to (this) tribunal."[36]

  [33] The synopsis of 10 Del. C. § 3104 states
  that this statute tracks the Pennsylvania
  long-arm statute, and that Pennsylvania
  cases are, therefore, instructive.

  [34] 478 F.Supp. 361 (E.D. Pa. 1979).

  [35] Id.

  [36] Id.

However, and in contrast to Bromhall, Coil
Company, Inc. v. Weather-Twin Corporation, held
that a plaintiff had not provided evidence
"satisfactory to the court" to demonstrate proper
service.[37] In Coil Co., the plaintiff attempted
service by mail, but "did not receive a receipt of
any kind from the Post Office indicating the

Maldonado v. Matthews     C.A. No. 09C-09-134 RRC (Del. Super. Ct. Feb. 23, 2010)

delivery had been accomplished or even attempted."[38] The United States District Court for the Southern District of New York applied the Pennsylvania long-arm statute and found that service was improper because the plaintiff should have been on notice that "something had gone wrong with the certified mail"[39] when no receipt was returned from the Post Office. Thus, that Court held that service was *12 improper because there was a complete lack of evidence demonstrating that the defendant had been notified of the pending lawsuit.[40]

12

37  539 F.Supp. 464 (S.D.N.Y. 1982).

38  *Id.* at 469.

39  *Id.*

40  *Id.*

The present case is similar to *Bromhall*. Although the mailings in the present case were returned "unclaimed" rather than "refused," Plaintiff filed two Proofs of Non-Receipt with this Court and, notably for this case, had a voicemail from

Defendant demonstrating that service had been received. Unlike the plaintiff in *Coil Co.*, Plaintiff in the present case has provided this Court with "evidence of personal delivery satisfactory to the Court."[41] Thus, this Court holds that, like the plaintiff in *Bromhall*, Plaintiff in this case has created a record of "personal delivery to the addressee", which also included the voicemail evidence, which is `satisfactory to (this) tribunal."[42]

41  10 *Del. C.* § 3104.

42  *Bromhall.* 478 F.Supp. at 364.

Thus, for all the reasons stated above, Defendant's motion to dismiss

for ineffective service of process is **DENIED**.

1     *1

 casetext