## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| JOHN PAUL MAC ISAAC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. S22C-10-012 RHR |
| | ) |
| CABLE NEWS NETWORK, INC., | ) |
| ADAM BENNETT SCHIFF, | ) |
| POLITICO LLC, ROBERT | ) |
| HUNTER BIDEN, AND | ) |
| BFPCC, INC. | ) |
| | ) |
| Defendants. | ) |

### PLAINTIFF'S MOTION TO DEEM SERVICE COMPLETE AS TO DEFENDANT ROBERT HUNTER BIDEN

**NOW COMES** plaintiff, by and through his attorneys, and moves this Honorable Court for an order deeming service complete as to Defendant Robert Hunter Biden ("Hunter"). In support of this Motion, the following is a statement:

1. On October 17, 2022, Plaintiff filed this action in this Court alleging injuries arising out of defamatory statements and publications by the Defendants.

2. At that time, Plaintiff was unable to locate Hunter.

3. Christopher J. Clark, Esquire, an attorney with Latham & Watkins LLP, was identified in media reports as representing Hunter in one

1

of Hunter's criminal probes. Plaintiff contacted Mr. Clark via email to ask if he is able to accept service on Hunter's behalf. Mr. Clark responded with a short, "No." Copy of email exchange with Mr. Clark attached as **Exhibit A**.

4. Plaintiff has tried to contact by email George Mesires, Esquire, longtime attorney for Hunter, on numerous occasions and received no response to any emails. Copies of email communications attached as **Exhibit B**.

5. After exhaustive searches and discussions, Plaintiff learned that Hunter was in Washington, DC for an extended period and obtained two (2) potential addresses.

6. The first address was an address located at 4301 43rd Street, NW, Washington, DC 20001 ("First Attempted Residence"). Plaintiff identified this address as the address of John McCarthy. Upon information and belief, John McCarthy is the current Senior Advisor to the Counselor to the President of the United States, Joseph R. Biden. As such, on December 17, 2022, Plaintiff mailed, via certified mail, return receipt requested, the summons, information sheet, and the complaint ("Summons Package") to "Robert H. Biden."

7. The Summons Package was delivered to the address on December 19, 2022, but the green card was never returned. Copy of USPS Tracking information attached as **Exhibit C**.

8. Soon thereafter, Plaintiff's counsel's office received a telephone call purportedly from the resident of the First Attempted Residence stating that "Hunter Biden does not live" at that location.

9. Plaintiff observed that Hunter was attending numerous events at the White House and, as such, decided to serve Hunter at the White House.

10. On or about December 21, 2022, Plaintiff sent the Summons Package to Hunter at the White House via certified mail, return receipt requested.

11. The Summons Package was delivered to the White House on December 27, 2022. Copy of USPS tracking information attached as **Exhibit D**.

12. Out of an abundance of caution and, after seeing photos of Hunter walking in Malibu, California, Plaintiff hired a process server and private investigator in the Los Angeles area of California.

13. On or about January 20, 2023, the private investigator produced a report with a history of addresses for Hunter ("Report").

14. Using the information obtained from the Report, Plaintiff sought to serve Hunter but that the only valid address found in California was a business named "Culver Mail Box" ("Service Location") where a person can purchase a private mail box.

15. The process server then informed Plaintiff of a unique law in State of California that requires that "[e]very person receiving private mailbox receiving service…shall be required to sign an agreement, along with a USPS Form 1583 [Application for Delivery of Mail through Agent], which authorizes the [Commercial Mail Receiving Agency] owner or operator to act as agent for service of process for the mail receiving service customer. *See* California Business & Professions Code § 17538.5(d)(1) (**Exhibit E**).

16. Also on January 20, 2023, Plaintiff filed his First Amended Complaint to simply correct the caption of the case.

17. On January 27, 2023, Ms. Nancy Banfield, a Registered Process Server for the State of California, #5054, hand-delivered a copy of the Summons Package and the amended Summons Package to Hunter at the Service Location (Dkt. No. 39).

18. On February 1, 2023, Mr. William Sera, a Registered Process Server, mailed via certified mail the Summons Package and the amended Summons Package (Dkt. No. 38). The Summons Package and the amended

Summons package were delivered to the Service Location on February 2, 2023. Copy of USPS tracking information attached as **Exhibit F**.

19. On February 19, 2023, Plaintiff received an email from Hunter's current counsel, Abbe Lowell, Esquire, asking about service on Hunter. Copy of February 19, 2023, email from Mr. Lowell attached as **Exhibit G**.

20. In response to Mr. Lowell, on February 21, 2023, Plaintiff sent to Mr. Lowell the original complaint, amended complaint, and the proofs of service filed with this Court. Copy of response to Mr. Lowell attached as **Exhibit H**.

21. Later that day, on February 21, 2023, Mr. Lowell responded and emphasized that he is not an agent for service of process for Hunter. Copy of February 21, 2023, email from Mr. Lowell attached as **Exhibit I**.

22. Based on the foregoing evidence and the facts stated in the Affidavit, it appears that Hunter is refusing service at a 10866 W. Washington Blvd., Suite 1272, Culver City, CA 90232-3610 after Hunter was duly served in his individual capacity.

23. This Court has interpreted Delaware's current long arm statute in *Maldonado v. Matthews*, 2010 WL 663723 (Del. Super. 2010) (**Exhibit J**), in which the Court, interpreting the present version of 18 *Del. C.* § 3104, held that when a plaintiff attempted longarm service via certified mail on 3

occasions to the address the defendant provided to the police and no proper signed receipt was received, but later received a voicemail message from a person identifying herself as the defendant and indicating that she had received the certified mailings, service was complete and proper because the defendant had actual notice of the commencement of the action.

24. Here, the Court's holding in *Maldonado* apply. Plaintiff has properly served Hunter at his last known address. All attempts to locate and serve Hunter at an alternative address have failed. Hunter received actual notice of the institution of this action by being personally served via hand-delivery on January 27, 2023 and then by certified mail on February 6, 2023.

25. Upon information and belief, personal service of Hunter is not possible as he is under the protection of the U.S. Secret Service.

26. Hunter's known attorneys have either not responded to requests or have refused to accept service.

27. Accordingly, pursuant *Maldonado*, service upon Hunter should be deemed complete because (1) plaintiff has done everything reasonably possible to locate and serve Hunter; (2) Hunter has actual notice of the commencement of this action after service was properly effectuated on Hunter, and (3) Hunter's publicly known attorney is aware of the existence of the lawsuit.

**WHEREFORE**, plaintiff prays that this Honorable Court grant the relief requested in this Motion.

**THE POLIQUIN FIRM, LLC**

/s/ Ronald G. Poliquin
Ronald G. Poliquin, Esquire
I.D. No. 4447
1475 S. Governors Ave.
Dover, DE 19904
302-702-5501

**COMPASS LAW PARTNERS**

/s/ Brian R. Della Rocca
Brian R. Della Rocca, Esquire
Admitted *Pro Hac Vice*
51 Monroe Street, Suite 408
Rockville, Maryland 20850
240-560-3030
bdellarocca@compass-law.com

*Attorneys for Plaintiff*
*John Paul Mac Isaac*

Date: February 24, 2023