IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| JOHN PAUL MAC ISAAC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. <u>S22C-10-012 RHR</u> |
| | ) |
| CABLE NEWS NETWORK, INC., | ) |
| ADAM BENNETT SCHIFF, | ) |
| POLITICO LLC, ROBERT | ) |
| HUNTER BIDEN, AND | ) |
| BFPCC, INC. | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

The undersigned counsel, on behalf of Plaintiff **John Paul Mac Isaac**, moves for Leave to a Second Amended Complaint, in accordance with the provisions of <u>Delaware Rules of Civil Procedure Rule 15</u>, and in support thereof shows the Court the following.

## FACTUAL BACKGROUND

This action is brought by Plaintiff as a result of the broadcasting and publication of defamatory statements by the Defendants about the Plaintiff. The Plaintiff alleges that the Defendants all defamed him by intentionally categorizing him to the public as a willing participant in what was alleged to be a Russian disinformation campaign even though the Defendants knew it was untrue. Plaintiff

also alleges that Defendants all participated in a civil conspiracy to defame the plaintiff. Finally, Plaintiff alleges that the Defendants all aided and abetted each other in their attempt to push the defamatory statements into the public square. Plaintiff has suffered substantial damages directly attributable to the actions of the Defendants including: (1) the loss of his client base; (2) having to shut down his business; (3) inability to leave his home for fear of reprisal; (4) legal fees; and (5) injury to his reputation and goodwill.

## LEGAL STANDARD AND ARGUMENT

Under Delaware Rules of Civil Procedure Rule 15, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." "Amendment to pleading is permitted under liberal construction of this rule." E.K. Geyser Co. v. Blue Rock Shopping Ctr., Inc., 229 A.2d 499, 1967 Del. Super. LEXIS 62 (Del. 1967).

"It is the general policy in this jurisdiction to be liberal in permitting amendments to pleadings unless the opposing party would be seriously prejudiced thereby." Dunfee v. Blue Rock Van & Storage, Inc., 266 A.2d 187, 1970 Del. Super. LEXIS 373 (Del. Super. Ct. 1970); Gott v. Newark Motors, Inc., 267 A.2d 596, 1970 Del. Super. LEXIS 383 (Del. Super. Ct. 1970); Paul v. Chromalytics Corp., 343 A.2d 622, 1975 Del. Super. LEXIS 143 (Del. Super. Ct. 1975).

Since the Plaintiff filed the Complaint, new evidence that further supports his claim has become public. This information was not previously available, and the Plaintiff would like to amend the Complaint to include this newly discovered information. The complaint was previously amended to simply correct a mistake in the caption of the case.

There is no undue delay, bad faith, or dilatory motive by Plaintiff. Plaintiff seeks to file the Second Amended Complaint within the time allowed by the Court to file amended pleadings and it supports facts and information uncovered by Plaintiff after Defendants CNN and Politico filed their Motions to Dismiss.

Further, there will be no substantial or undue prejudice to any Defendants in this case. The issue of prejudice requires a court to focus on the hardship to the defendant(s) if the amendment were permitted; specifically, the court has to consider "whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories." *Cureton*, 252 F.3d 267, 272 (3d Cir. 2001) (affirming the district court's denial of a motion to amend, made after summary judgment was directed in favor of the non-moving party, in part because "the proposed amendment would essentially force the [non-moving party] to begin litigating the case again").

Plaintiffs' counsel sought concurrence from the only Defendants who have entered the appearance of counsel via email on February 28, 2023. Defendants CNN and Politico did not consent to the granting of this motion.

## CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court grant leave to file the attached Second Amended Complaint. Attached is a proposed order.

Respectfully Submitted,

| | |
|---|---|
| */s/ Brian R. Della Rocca* | */s/ Ronald G. Poliquin* |
| **Brian R. Della Rocca, Esquire** | **Ronald G. Poliquin, Esquire** |
| *Admitted Pro Hac Vice* | I.D. No. 4447 |
| Compass Law Partners | 1475 S. Governors Ave. |
| 51 Monroe Street, Suite 408 | Dover, DE 19904 |
| Rockville, Maryland 20850 | Ph: (302) 702-5501 |
| Ph: (240) 560-3030 | ron@poliquinfirm.com |
| Fax: (301) 740-2297 | |
| bdellarocca@compass-law.com | |

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on March 1, 2023, I sent the forgoing motion via email to the following parties:

| | |
|---|---|
| **David J. Soldo**<br>500 Delaware Avenue, Suite 1500<br>Wilmington, DE 19801-1494<br>dsoldo@morrisjames.com<br><br>*Counsel for CNN* | **David J. Margules**<br>919 N. Market Street, 11th Floor<br>Wilmington, DE 19801<br>margulesd@ballardspahr.com<br><br>*Counsel for Politico* |
| **Abbe David Lowell**<br>Winston & Strawn LLP<br>1901 L. Street, NW<br>Washington, DC 20036<br>adlowell@winston.com<br><br>*Counsel for Robert H. Biden* | **Brooks M. Hanner**<br>Associate General Counsel<br>Office of General Counsel<br>U.S. House of Representatives<br>5140 O'Neill House Office Building<br>Washington, DC 20515-6532<br>brooks.hanner@mail.house.gov<br><br>*Counsel for Adam Bennett Schiff until Department of Justice Determines Whether to Certify Case pursuant to Westfall Act* |

*/s/ Brian R. Della Rocca*
Brian R. Della Rocca