## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOHN PAUL MAC ISAAC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:23-cv-247 |
| | ) | |
| CABLE NEWS NETWORK, INC., ADAM | ) | |
| BENNETT SCHIFF, POLITICO LLC, | ) | |
| ROBERT HUNTER BIDEN, AND BFPCC, | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

## UNITED STATES' MOTION TO SUBSTITUTE AND TO DISMISS FOR LACK OF
## SUBJECT MATTER JURISDICTION PURSUANT TO RULE 12(b)(1)

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

JAMES G.  TOUHEY, JR.
Director, Torts Branch

STEPHEN R. TERRELL (Cal.  Bar No. 21004)
Attorney
Torts Branch
United States Department of Justice
P.O. Box 888
Washington, DC  20044
(202) 353-1651
Stephen.Terrell2@usdoj.gov

*Counsel for the United States*

## TABLE OF CONTENTS

I.    NATURE AND STAGE OF THE PROCEEDINGS ................................................................. 1

II.   SUMMARY OF THE ARGUMENT ................................................................................... 2

III.  BACKGROUND ............................................................................................................... 3

IV.   ARGUMENT ..................................................................................................................... 5

   A.  Standard of Review ........................................................................................................ 5

      1.  Westfall Act substitution ............................................................................................ 5

      2.  Motion to dismiss for lack of subject matter jurisdiction ......................................... 6

   B.  The Court Should Substitute the United States as Defendant for Representative Schiff. ... 6

   C.  The Court Should Dismiss the Action as Against the United States as the Substituted
       Defendant for Lack of Subject Matter .......................................................................... 9

      1.  The Court lacks subject matter jurisdiction because plaintiff failed to exhaust his
          administrative remedies. .......................................................................................... 9

      2.  Alternatively, the Court should dismiss for lack of subject matter jurisdiction because of
          the FTCA's libel and slander exception .................................................................. 10

V.    CONCLUSION ............................................................................................................... 10

# TABLE OF AUTHORITIES

## Cases

*Arunachalam v. Int'l Bus. Machines Corp.*, No. 20-cv-1020, 2021 WL 7209362 (D. Del. Dec. 29, 2021) ................................................................................................................................ 10

*Brumfield v. Sanders*, 232 F.3d 376 (3d Cir. 2000) ............................................................... 5

*Chapman v. Rahall*, 399 F. Supp. 2d 711 (W.D. Va. 2005) ................................................... 8

*Clark v. Prince George's Cty.*, 65 A.3d 785 (Md. 2103) ......................................................... 7

*Council on Am. Islamic Relations v. Ballenger*, 444 F.3d 659 (D.C. Cir. 2006) .................... 8

*Doe v. Meron*, 929 F.3d 153 (4th Cir. 2019) .......................................................................... 7

*Does 1–10 v. Haaland,* 973 F.3d 591 (6th Cir. 2020) ............................................................ 8

*F.D.I.C. v. Meyer*, 510 U.S. 471 (1994) ............................................................................. 6, 9

*Gould Elecs., Inc. v. United States*, 220 F.3d 169 (3d Cir. 2000) ......................................... 6

*Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406 (3d Cir. 1991) .................................... 6

*McNeil v. United States*, 508 U.S. 106 (1993) ..................................................................... 10

*Operation Rescue Nat'l v. United States*, 975 F. Supp. 92 (D. Mass. 1997), *aff'd*, 147 F.3d 68 (1st Cir. 1998) ...................................................................................................................... 8

*Osborn v. Haley,* 549 U.S. 225 (2007) ................................................................................... 6

*Roma v. United States*, 344 F.3d 352 (3d Cir. 2003) ........................................................... 10

*S.R.P. ex rel. Abunabba v. United States*, 676 F.3d 329 (3d Cir. 2012) ............................... 9

*Sawyer v. Humphries*, 587 A.2d 467 (Md. 1991) .................................................................. 7

*Schrob v. Catterson*, 967 F.2d 929 (3d Cir. 1992) ............................................................ 5, 7

*United States v. Sherwood*, 312 U.S. 584 (1941) .................................................................. 9

*United States v. Smith*, 499 U.S. 160 (1991) ....................................................................... 10

*Vanderklok v. United States*, 868 F.3d 189 (3d Cir. 2011) .................................................... 7

*Williams v. United States,* 71 F.3d 502 (5th Cir. 1995) ......................................................... 8

*Wilson v. Furnas*, No. 15-cv-1087, 2016 WL 5348573 (D. Del. Sept. 23, 2016) ........................ 10

*Wuterich v. Murtha*, 562 F.3d 375 (D.C. Cir. 2009) ....................................................................... 8

**Statutes**

28 U.S.C. § 1346 ................................................................................................................... 3, 9

28 U.S.C. § 2675 ............................................................................................................... 3, 9, 10

28 U.S.C. § 2679 ................................................................................................................... 1, 5, 6

28 U.S.C. § 2680 ............................................................................................................... 3, 9, 10

**Rules**

Fed. R. Civ. P. 12 .................................................................................................................... 1, 6

**Regulations**

28 C.F.R. § 15.4 ......................................................................................................................... 7

The United States hereby moves, pursuant to 28 U.S.C. § 2679(d)(2), to substitute itself as defendant for Representative Adam Schiff.  Further, as substituted defendant, the United States hereby moves, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and Local Rule 7.1.2, to dismiss the United States for lack of subject matter jurisdiction.  The grounds for this motion are more fully set forth in the incorporated memorandum of law, all arguments advanced in reply, and any additional arguments or evidence submitted with leave of court.

## I.      NATURE AND STAGE OF THE PROCEEDINGS

This is a defamation action brought against, among others, Representative Schiff for statements he made while acting within the scope of his employment as a Member of Congress during a Cable News Network ("CNN") interview.  Plaintiff alleges that Representative Schiff's statements insinuated that plaintiff was "either a Russian agent or a participant in a Russian disinformation campaign."  Plaintiff initiated this action in the Superior Court of the State of Delaware, County of Sussex, on October 17, 2022, against CNN, Politico, LLC ("Politico"), Robert Hunter Biden, and Representative Schiff.  By amended complaint, plaintiff added BFPCC, Inc., as a defendant.  Plaintiff served CNN and Politico and they moved to dismiss plaintiff's amended complaint on January 30, 2023.  On March 7, 2023, the United States removed this action from the Superior Court of the State of Delaware to this Court pursuant to a certification from the Attorney General's delegate under the Westfall Act, 28 U.S.C. § 2679(d)(2), that Plaintiff's tort claim against Representative Schiff was based upon conduct that was within the scope of Representative Schiff's federal employment.  Accordingly, through this motion, the United States moves to substitute itself as defendant for Representative

Schiff, and then moves to dismiss the action against the United States for lack of subject matter jurisdiction.

## II.   SUMMARY OF THE ARGUMENT

The Federal Tort Claims Act ("FTCA") is the exclusive remedy for "personal injury . . . arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. §2679(b)(1). Here, plaintiff, the former owner of a computer repair shop, brings a defamation action against Representative Schiff for statements Representative Schiff made during an October 16, 2020, interview on CNN.  Am. Compl. ¶¶ 57, 59–61, 63 (D.I. No. 1-1).  At the time of the interview, Representative Schiff was a Member of the United States House of Representatives and Chairman of the House Permanent Select Committee on Intelligence.  *Id.* ¶ 4.  Also, of public concern at that time was a *New York Post* story about a laptop hard drive that Mr. Biden allegedly left at plaintiff's computer repair shop, and the disclosure of plaintiff's business address and phone information by the *New York Post*.  *Id.* ¶¶ 34–35.

Members of Congress act within the scope of their employment when they speak to the public and press on matters of public concern.  Thus, as certified by the Director of the Torts Branch of the Department of Justice's Civil Division, Touhey Cert. (D.I. No. 1-2), Representative Schiff was acting within the scope of his employment when he made the statements underlying plaintiff's defamation, conspiracy to commit defamation, and aiding and abetting defamation counts; the United States is the sole and exclusive defendant for those claims; and the Court should substitute the United States as defendant for Representative Schiff. 28 U.S.C. § 2679(d)(2).

Once substituted, the Court should dismiss the United States for lack of subject matter jurisdiction for two independent reasons.  First, plaintiff failed to exhaust his administrative remedies against the United States under the FTCA before commencing suit, depriving this Court of jurisdiction.  28 U.S.C. §§ 1346(b)(1), 2675(a).  Second, the FTCA's libel and slander exception preserves the United States' sovereign immunity from claims arising out of "libel, slander, misrepresentation, [and] deceit."  28 U.S.C. § 2680(h).  Thus, the Court should dismiss the United States for lack of subject matter jurisdiction.

## III.   BACKGROUND

The following is a summary of the facts, as alleged in plaintiff's complaint:

Plaintiff owned a computer repair shop.  Am. Comp. ¶ 13.  In April of 2019, Mr. Biden visited plaintiff's business, seeking to have data transferred from his damaged laptop to an external hard drive.  *Id.* ¶¶ 19–20.  Mr. Biden did not return to retrieve the hard drive or his damaged laptop.  *Id.* ¶ 24.  Between July and October 2020, plaintiff shared the contents of the hard drive with Members of Congress, a lawyer for Rudolph Giuliani, and others.  *Id.* ¶ 26.  This ultimately led to publication of a *New York Post* article on October 14, 2020, about the contents of the hard drive (the so-called "Hunter Biden laptop story").  *Id.* ¶ 32.

The Hunter Biden laptop story was a matter of intense public interest and received significant coverage in the national news media.  *Id.* ¶¶ 34, 41, 49–51.  The *New York Post* article also included, without authorization from plaintiff, "a photo of the Repair Authorization without blurring the business name thereby notifying the public and the media" of plaintiff's business.  *Id.* ¶ 40.  Because of this, plaintiff also became a matter of intense public interest. This resulted in news articles about plaintiff, *id.* ¶¶ 41, 48, and press statements from plaintiff refuting reporting about him, *id.* ¶ 43.

On October 16, 2020, two days after publication of the *New York Post* article, CNN interviewed Representative Schiff.  *Id.* ¶ 57.  The host introduced Representative Schiff as "the Chairman of the House Intelligence Committee, Congressman Adam Schiff."  Compl. Ex. I at 17/24 (D.I. No. 3-11).  The host then proceeded to ask Representative Schiff a series of questions about the hard drive information described in the *New York Post* article.  Am. Compl. ¶¶ 59, 62. In response to those questions, plaintiff alleges that Representative Schiff stated that Mr. Giuliani was being used by Russian intelligence and was pushing out a false Russian narrative, and that those statements knowingly and falsely implied plaintiff was "a Russian agent and/or a participant in a Russian disinformation campaign."  *Id.* ¶¶ 60–61, 63, 83.

On October 17, 2022, plaintiff filed a seven-count complaint against Representative Schiff, CNN, Politico, and Mr. Biden in the Superior Court for the State of Delaware, County of Sussex.  Compl.  On January 20, 2023, plaintiff filed an amended complaint adding BFPCC, Inc., as a defendant.  Am. Compl.  As to Representative Schiff, the amended complaint advances three claims:  defamation and defamation *per se* under Delaware law, *id.* ¶¶ 52–98; civil conspiracy to commit defamation under Delaware law, *id.* ¶¶ 183–195; and aiding and abetting defamation under Delaware law, *id.* ¶¶196–208.  The bases for all claims against Representative Schiff are statements made by Representative Schiff during the October 16, 2020, CNN interview.  *Id.*

On March 7, 2023, the Director of the Torts Branch, acting pursuant to 28 U.S.C. §2679(b)(1) and 28 C.F.R. § 15.4, issued a certification that, at all relevant times, Representative Schiff was acting within the scope of his employment as a Member of Congress. Touhey Cert.  The United States then removed this action to this Court on March 7, 2023, Notice

of Removal (D.I. No. 1), and now moves to substitute itself as defendant for Representative

Schiff and to dismiss the claims against it.

## IV.     ARGUMENT

### A.     Standard of Review

#### 1.     Westfall Act substitution

The FTCA is the exclusive remedy for "personal injury . . . arising or resulting from the

negligent or wrongful act or omission of any employee of the Government while acting within

the scope of his office or employment."  28 U.S.C. § 2679(b).  As amended by the Federal

Employees Liability Reform and Tort Compensation Act of 1988 ("Westfall Act"), the FTCA

provides a mechanism for the United States to substitute itself as defendant for employees sued

individually.  As relevant here, upon certification by the Attorney General's delegate that a

federal employee was acting within the scope of his office or employment at the time of the

incident out of which a state law claim arises, any civil action arising out of the incident shall be

deemed an action brought against the United States, and the United States shall be substituted as

sole defendant with respect to those claims.  28 U.S.C. § 2679(d)(1).

The certification constitutes prima facie evidence that the employee's challenged conduct

occurred within the scope of employment.  *Schrob v. Catterson*, 967 F.2d 929, 936 (3d Cir.

1992).  Thus, plaintiff has the burden of providing facts to rebut the certification.  *See id.*

(holding the court need not hold an evidentiary hearing on the issue of substitution of parties if

the facts can be determined without an evidentiary hearing); *see also Brumfield v. Sanders*, 232

F.3d 376, 379–80 (3d Cir. 2000) (resolving scope of employment issue as a matter of law

without discovery where Attorney General's certification was based on facts as alleged in the

complaint).

### 2.      Motion to dismiss for lack of subject matter jurisdiction

A defendant may move to dismiss an action for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  In responding to this Rule 12(b)(1) motion to dismiss, plaintiff bears the burden of persuasion in establishing subject matter jurisdiction.  *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991).  In reviewing a facial attack to subject matter jurisdiction (such as this motion), "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff."  *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).  To sue the sovereign, plaintiff's allegations must invoke a valid waiver of sovereign immunity.  *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).

### B.      The Court Should Substitute the United States as Defendant for Representative Schiff.

As the Supreme Court has explained, "[w]hen a federal employee is sued for wrongful or negligent conduct, the [Westfall] Act empowers the Attorney General to certify that the employee 'was acting within the scope of his office or employment at the time of the incident out of which the claim arose.'"  *Osborn v. Haley,* 549 U.S. 225, 229–30 (2007) (quoting 28 U.S.C. § 2679(d)(2)).  Once the Attorney General certifies that the defendant federal employee was acting within the scope of his employment at the relevant time, the statute itself provides that the United States "shall" be substituted as the sole defendant in the action.  28 U.S.C. § 2679(d)(2); *see also Osborn,* 549 U.S. at 230 ("Upon the Attorney General's certification, the employee is dismissed from the action, and the United States is substituted as defendant in place of the employee.").  "[T]he Westfall Act certification must be respected unless and until the District Court determines that [the federal employee], in fact, engaged in conduct beyond the scope of his employment."  *Osborn*, 549 U.S. at 251 (original italics omitted).

- 6 -

Here, the Director of the Torts Branch of the Civil Division of the United States Department of Justice, acting pursuant to 28 C.F.R. § 15.4(a), issued a Westfall Act certification that Representative Schiff was acting within the scope of his employment as a Member of Congress at the time of the incidents out of which the plaintiff's defamation claims arose. Touhey Cert.  The Westfall Act accordingly requires the substitution of the United States as defendant in this action.

As set forth above, the Court must accept the Westfall Act certification as prima facie evidence that the employee's challenged conduct occurred within the scope of employment and the plaintiff bears the burden of providing facts to rebut the certifications.  *Schrob*, 967 F.2d at 936.  Plaintiff's conclusory allegations that Representative Schiff's actions were not within scope in the amended complaint fall short of this standard.

Under Maryland law, an employee acts within the course and scope of his employment when the conduct at issue is in furtherance of the business of the employer and is authorized by the employer, meaning that the act was incident to the performance of the duties entrusted to him.  *Sawyer v. Humphries*, 587 A.2d 467, 470 (Md. 1991).[1]  When assessing this "simple test," courts may also consider the factors set forth in the Restatement (Second) of Agency.  *Clark v. Prince George's Cty.*, 65 A.3d 785, 799 (Md. 2103).  This is effectively the same analysis as employed by the District of Columbia.  *Doe v. Meron*, 929 F.3d 153, 164 (4th Cir. 2019) ("the pertinent law of the District of Columbia and Maryland are materially the same").

---

[1] Under the FTCA, to assess whether an employee acted within the scope of his employment the court should look "to the law of the state in which the action took place." *Vanderklok v. United States*, 868 F.3d 189, 203 (3d Cir. 2011).  Here, the United States understands the complaint to allege Representative Schiff made the allegedly defamatory statements from his residence in Maryland during the CNN interview.

Numerous courts have determined that defamatory statements allegedly made by Members of Congress are within the course and scope of their employment, and those courts have universally recognized that Members of Congress act within the scope of their employment when they comment on an event of widespread public interest.  *See Does 1–10 v. Haaland,* 973 F.3d 591, 600 (6th Cir. 2020) (Senators' unsolicited comments about plaintiff students' involvement in event of widespread public interest within scope); *Wuterich v. Murtha*, 562 F.3d 375, 378–79 (D.C. Cir. 2009) (Representative's allegedly false statements made to the press about role of plaintiff's Marine Corps squad in civilian deaths within scope); *Council on Am. Islamic Relations v. Ballenger*,  444 F.3d 659, 662 (D.C. Cir. 2006) (statement made to reporter during interview by Member of Congress about plaintiff organization's alleged terrorist activities within scope); *Williams v. United States,* 71 F.3d 502, 507 (5th Cir. 1995) (Representative's allegedly defamatory statements made during television press interview within scope); *Operation Rescue Nat'l v. United States*, 975 F. Supp. 92, 108 (D. Mass. 1997), *aff'd*, 147 F.3d 68 (1st Cir. 1998) (Senator's allegedly defamatory statements made in response to press questioning within scope); *Chapman v. Rahall*, 399 F. Supp. 2d 711, 715 (W.D. Va. 2005) (Representative's allegedly defamatory statements about a reporter within scope).

Here, a news reporter asked Representative Schiff about the Hunter Biden laptop story during a news interview.  The test for scope of employment is not whether the statements were allegedly defamatory, but instead whether the conduct at issue (a television interview) was the kind of conduct Representative Schiff was employed to perform.  *Ballenger*, 444 F.3d at 664. The reporter asked Representative Schiff for his thoughts about the story and whether the story was "connected to an ongoing Russian disinformation effort."  Compl. Ex. I at 17/24. Representative Schiff responded to those questions as the Chairman of the House Permanent

Select Committee on Intelligence.  His statements were squarely within the scope of his

employment as a Member of Congress.

> **C.**     **The Court Should Dismiss the Action as Against the United States as the Substituted Defendant for Lack of Subject Matter Jurisdiction.**

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies

from suit.  Sovereign immunity is jurisdictional in nature.  Indeed, the 'terms of [the United

States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.'"

*Meyer*, 510 U.S. at 475 (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)) (citations

omitted, alteration in original).  The FTCA contains a limited waiver of sovereign immunity,

subject to numerous exceptions.  *See* 28 U.S.C. § 2680 (exceptions).  To advance a tort claim

against the United States, a plaintiff must establish that he complied with the administrative

presentment requirements of the Act, 28 U.S.C. § 2675, and "plaintiff bears the burden of

establishing that his claims fall within the scope of the FTCA's waiver of the federal

government's sovereign immunity."  *S.R.P. ex rel. Abunabba v. United States*, 676 F.3d 329, 333

(3d Cir. 2012).

> **1.**     **The Court lacks subject matter jurisdiction because plaintiff failed to exhaust his administrative remedies.**

The Court should dismiss the United States for lack of subject matter jurisdiction because

plaintiff has not exhausted his administrative remedies.  To invoke the limited waiver of

sovereign immunity contained in the FTCA, Congress mandated that plaintiffs "first present[]

the claim to the appropriate Federal agency," and that the appropriate federal agency either deny

the claim in writing or not act on the claim for a period of six months.  28 U.S.C. § 2675(a).

This Court lacks subject matter jurisdiction over FTCA claims if plaintiffs "institute[]" "[a]n

action" before exhausting their administrative remedies.  28 U.S.C. §§ 1346(b)(1), 2675(a);

*McNeil v. United States*, 508 U.S. 106, 113 (1993).  The requirements of 28 U.S.C. § 2675(a) are "jurisdictional and cannot be waived."  *Roma v. United States*, 344 F.3d 352, 362 (3d Cir. 2003).  Here, plaintiff has not alleged, nor can he allege, that he exhausted his administrative remedies under the FTCA before instituting this action.  The Court should therefore dismiss for lack of subject matter jurisdiction.

>    **2.    Alternatively, the Court should dismiss for lack of subject matter jurisdiction because of the FTCA's libel and slander exception.**

The FTCA's limited waiver of sovereign immunity is subject to a number of exceptions set forth in 28 U.S.C. § 2680.  One such exception preserves the government's immunity from suit for "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights."  *Id.* § 2680(h).  Because all the claims that plaintiff advances against Representative Schiff arise out of alleged defamation, this Court lacks subject matter jurisdiction over plaintiff's claims.  *See Arunachalam v. Int'l Bus. Machines Corp.*, No. 20-cv-1020, 2021 WL 7209362, at *15 (D. Del. Dec. 29, 2021) (substituting United States as defendant for federal employees and dismissing defamation claim); *Wilson v. Furnas*, No. 15-cv-1087, 2016 WL 5348573, at *4 (D. Del. Sept. 23, 2016) (dismissing defamation claim under FTCA).[2]  The Court should dismiss the United States.

## V.    CONCLUSION

Representative Schiff acted within the scope of his employment when he participated in the CNN interview.  The Court should uphold the Attorney General's delegate's Westfall Act

---

[2] It is of no moment that substitution of the United States would leave plaintiff with no FTCA remedy in this matter because the Westfall Act "makes the FTCA the exclusive mode of recovery for the tort of a Government employee even when the FTCA itself precludes Government liability."  *United States v. Smith*, 499 U.S. 160, 166 (1991).

certification and substitute the United States as defendant for Representative Schiff.  The Court

should then dismiss the United States for lack of subject matter jurisdiction because plaintiff

failed to exhaust his administrative remedies under the FTCA and because the FTCA's libel and

slander exception bars his claims.

<div style="margin-left:40%">

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

JAMES G.  TOUHEY, JR.
Director, Torts Branch

  /s/ Stephen R. Terrell
STEPHEN R.  TERRELL (Cal.  Bar No. 21004)
Attorney
Torts Branch
United States Department of Justice
P.O. Box 888
Washington, DC  20044
(202) 353-1651
Stephen.Terrell2@usdoj.gov


*Counsel for the United States*

</div>

Dated: March 8, 2023