IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN PAUL MAC ISAAC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 23-247 (MN) |
| | ) |
| CABLE NEWS NETWORK, INC., ADAM | ) |
| BENNETT SCHIFF, POLITICO LLC, | ) |
| ROBERT HUNTER BIDEN, AND BFPCC, | ) |
| INC, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Ronald G. Poliquin, THE POLIQUIN FIRM, LLC, Dover, DE; Brian E. Della Rocca, COMPASS LAW PARTNERS, Rockville, MD – Attorneys for Plaintiff

David J. Soldo, MORRIS JAMES LLP, Wilmington, DE; Alison Schary, DAVIS WRIGHT TREMAINE LLP, Washington, DC; Hilary Oran, Katherine M. Bolger, DAVIS WRIGHT TREMAINE LLP, New York, NY – Attorneys for Cable News Network, Inc.

Brian M. Boynton, Principal Deputy Assistant Attorney General, Civil Division, James G. Touhey, Jr., Director, Torts Branch, Stephen R. Terrell, Attorney, Torts Branch, UNITED STATES DEPARTMENT OF JUSTICE, Washington, DC – Attorney for the United States

David J. Margules, BALLARD SPAHR LLP, Wilmington, DE, Lauren P. Russell, BALLARD SPAHR LLP, Washington, DC, Kaitlin M. Burney, BALLARD SPAHR LLP, Philadelphia, PA – Attorneys for Politico LLC

Bartholomew J. Dalton, DALTON & ASSOCIATES, P.A., Wilmington, DE; Abbe David Lowell, Sanaya M. Tamboli, WINSTON & STRAWN LLP, Washington, DC; David A. Kolansku, WINSTON & STRAWN LLP, New York, NY – Attorneys for Robert Hunter Biden

March 24, 2023
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE**:

Presently before the Court is the motion of the United States to substitute itself, pursuant to 28 U.S.C. § 2679(d)(2), as defendant for Adam Bennett Schiff ("Schiff"), a member of Congress. (D.I. 4). Upon substitution, the United States then moves, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, to dismiss the case against the United States for lack of subject matter jurisdiction. (*Id.*). Plaintiff did not respond in the time allotted under the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware and the motion is unopposed. For the reasons set forth below, the Court grants the unopposed motion.

I.   **BACKGROUND**

On October 17, 2022, Plaintiff John Paul Mac Isaac ("Plaintiff") brought this defamation action against Cable News Network, Inc. ("CNN"), Adam Bennett Schiff ("Schiff"), Politico LLC and Robert Hunter Biden in the Superior Court of the State of Delaware, County of Sussex. (D.I. 1, Ex. C). On January 20, 2023, he filed a First Amended Complaint ("Amended Complaint") adding defendant BFPCC, Inc. (D.I. 1, Ex. A). According to the Amended Complaint, the claims against Schiff are based on statements he made during a CNN interview he participated in as a member of Congress. (D.I. 1, Ex. A, Count I). On March 7, 2023, the United States removed this action from the Superior Court of the State of Delaware pursuant to 28 U.S.C. § 2679(d)(2). (D.I. 1). Thereafter, the United States moved to substitute itself as defendant for Schiff under the Federal Tort Claims Act ("FTCA") and then to dismiss for lack of subject matter jurisdiction.

## II.     LEGAL STANDARDS

### A.     Federal Tort Claims Act

The FTCA is the exclusive remedy for "personal injury . . . arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2679(b).  As amended by the Federal Employees Liability Reform and Tort Compensation Act of 1988 ("the Westfall Act"), the FTCA provides a mechanism for the United States to substitute itself as defendant for employees sued individually. Specifically, upon certification by the Attorney General that a federal employee was acting within the scope of his office or employment at the time of the incident out of which a state law claim arises, any civil action arising out of the incident shall be deemed an action brought against the United States, and the United States shall be substituted as sole defendant with respect to those claims.  28 U.S.C. § 2679(d)(1).

That certification "is *prima facie* evidence that the employee's challenged conduct occurred within the scope of employment, but it is not conclusive.  Thus, a plaintiff challenging the certification has the burden of coming forward with specific facts rebutting it." *Schrob v. Catterson*, 967 F.2d 929, 936 (3d Cir. 1992).  The challenge, however, does not require a hearing. "If the facts can be determined without an evidentiary hearing, the court can rule on a . . . motion to substitute . . . based on the certification, pleadings, documentary evidence, and affidavits." *Id.*; *see also Brumfield v. Sanders*, 232 F.3d 376, 379–80 (3d Cir. 2000) (resolving scope of employment issue as a matter of law without discovery where Attorney General's certification was based on facts as alleged in the complaint).

### B. Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction. A defendant may move to dismiss an action for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). In responding to a Rule 12(b)(1) motion to dismiss, plaintiff bears the burden of persuasion in establishing subject matter jurisdiction. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991). In reviewing a facial attack to subject matter jurisdiction, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). To sue the sovereign, plaintiff's allegations must invoke a valid waiver of sovereign immunity. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).

### III. DISCUSSION

#### A. Request for Substitution

"When a federal employee is sued for wrongful or negligent conduct, the [Westfall] Act empowers the Attorney General to certify that the employee 'was acting within the scope of his office or employment at the time of the incident out of which the claim arose.'" *Osborn v. Haley, 549 U.S.* 225, 229–30 (2007) (quoting 28 U.S.C. § 2679(d)(2)). Once the Attorney General certifies that the defendant federal employee was acting within the scope of his employment at the relevant time, the statute itself provides that the United States "shall" be substituted as the sole defendant in the action. 28 U.S.C. § 2679(d)(2). "[T]he Westfall Act certification must be respected unless and until the District Court determines that [the federal employee], in fact, engaged in conduct beyond the scope of his employment." *Osborn*, 549 U.S. at 251 (original italics omitted).

3

Here, James G. Touhey, Jr., the Director of the Torts Branch of the Civil Division of the United States Department of Justice, acting pursuant to 28 C.F.R. § 15.4(a), issued a Westfall Act certification that Schiff was acting within the scope of his employment as a member of Congress at the time of the incidents out of which the plaintiff's defamation claims arose. (D.I. 1, Ex. B). That certification is *prima facie* evidence that Schiff's challenged conduct occurred within the scope of employment. The burden thus shifts to Plaintiff to come forward with "specific facts rebutting it." *Schrob*, 967 F.2d at 936.

In his Amended Complaint, Plaintiff offers conclusory allegations that Schiff was not acting in the scope of his employment. (*E.g.*, D.I. 1, Ex. A ¶ 72 ("SCHIFF was not carrying out any of his implied powers as a member of Congress."); *see also* D.I. 1, Ex. A ¶¶ 71, 73-76). He also, however, alleged that Schiff was asked questions and gave answers during the CNN interview in his capacity as a member of Congress. (*E.g.*, D.I. 1, Ex. A ¶ 62 ("Have you, as a member of the Gang of Eight, the top leadership in Congress, the Senate, and the House, and members of the Intelligence Committee . . .".); D.I. 1, Ex. A ¶ 63 ("Well, I was in the Intelligence Committee today to see what the latest was . . .".)). Such conclusory (and somewhat contradictory) allegations cannot overcome the *prima facie* evidence of the certification. Thus, the Westfall Act requires the substitution of the United States as defendant in this action.

B.  **Subject Matter Jurisdiction**

To advance a tort claim against the United States under the FTCA, a plaintiff must establish that he complied with the administrative presentment requirements of the Act. 28 U.S.C. § 2675. "[P]laintiff bears the burden of establishing that his claims fall within the scope of the FTCA's waiver of the federal government's sovereign immunity." *S.R.P. ex rel. Abunabba v. United States*, 676 F.3d 329, 333 (3d Cir. 2012). To do so, Plaintiff must "first present[] the claim to the

appropriate Federal agency," and that agency must either deny the claim in writing or not act on the claim for a period of six months. 28 U.S.C. § 2675(a).

This Court lacks subject matter jurisdiction over FTCA claims if plaintiffs "institute[]" "[a]n action" before exhausting their administrative remedies. 28 U.S.C. §§ 1346(b)(1), 2675(a); *McNeil v. United States*, 508 U.S. 106, 113 (1993). Indeed, the requirements of 28 U.S.C. § 2675(a) are "jurisdictional and cannot be waived." *Roma v. United States*, 344 F.3d 352, 362 (3d Cir. 2003). Here, plaintiff has not alleged that he exhausted his administrative remedies under the FTCA before instituting this action. Thus, this Court lacks subject matter jurisdiction over the action as to the claims against the United States standing in for Schiff.[1]

### C. Remand

The causes of action alleged in this matter are all state law claims. The United States properly removed this action pursuant to the FTCA. The United States, however, has been dismissed from this case. In light of that, the Court will remand the remainder of this case to the Superior Court for the State of Delaware.

### IV CONCLUSION

For the foregoing reasons, the United States motion to substitute itself for defendant Schiff is granted. Once substituted, the Court lacks subject matter jurisdiction over the action against the United States because Plaintiff has failed to exhaust his administrative remedies. This case will be remanded. An appropriate order will issue.

---

[1] The United States also moved to dismiss for lack of subject matter jurisdiction under the FTCA's libel and slander exception in 28 U.S.C. §2680(h). (D.I. 4). Given the Court's conclusion that it lacks subject matter jurisdiction for failure to exhaust, it does not address the libel and slander exception.