IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOHN PAUL MAC ISAAC, | : | |
| | : | |
| Plaintiff, | : | Case No. 1:23-cv-247 (MN) |
| | : | |
| v. | : | |
| | : | |
| CABLE NEWS NETWORK, et. al., | : | |
| | : | |
| Defendants. | : | |

## PLAINTIFF'S MOTION FOR RELIEF FROM A JUDGMENT OR ORDER PURSUANT TO RULE 60(b)

**NOW COMES**, plaintiff, John Paul Mac Isaac by and through his attorneys, and moves this Honorable Court for an order reopening the Order granted on March 24, 2023 substituting the United States as defendant Adam B. Schiff and granting the United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction. In support of this Motion, the following is a statement:

1. On March 7, 2023, Defendant Schiff filed a Notice of Removal from the Superior Court of Delaware, Case Number S22C-10-012 (D.I. 1)

2. On March 8, 2023, Defendant Schiff filed a Motion to Substitute Party United States of America to replace Adam Bennett Schiff and Motion to Dismiss for Lack of Jurisdiction Over the Subject Matter. (D.I. 2).

1

3. Subsequent to the initial filings, counsel for plaintiffs and defendants in the Superior Court case filed motions for pro hac vice status.

4. Both counsel for Defendant Hunter Biden and Plaintiff John Paul Mac Isaac filed status letters to the Court. (D.I. 12, D.I. 14)

5. At the time of this Court's Memorandum Opinion, the parties were jointly conferring and preparing a joint Local Rule 81.2 statement to be submitted with the Court.

6. At the time of this Court's Memorandum Opinion, Plaintiff's Counsel was preparing to file its Opposition to United States' Motion to Substitute and to Dismiss for Lack of Subject Jurisdiction Pursuant to Rule 12(b)(1) and Incorporated Memorandum of Law. Plaintiff's Proposed Opposition Memorandum attached as Ex. A.

7. On March 24, 2023, the Court issued a Memorandum Decision and Order granting United States' Motion to Substitute and to Dismiss for Lack of Subject Jurisdiction. (D.I. 15 and D.I. 16)

8. Plaintiff seeks relief from the Order granting substitution and dismissal in order to allow the Court to consider Plaintiff's opposition to the Motion.

9. Where a final judgment or order has been entered in a case, Rule 60(b) of the Federal Rules of Civil Procedure provides a limited avenue of relief based on one or more of the following reasons:

    (1) mistake, inadvertence, surprise, or excusable neglect.
    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b).
    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
    (4) the judgment is void;
    (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or,
    (6) any other reason that justifies relief.

10. Here, Plaintiff submits that the motion should be granted as the opposition to the motion was inadvertently not filed within the required 14 days as provided by Local Rule 7.1.2. (b). Therefore, the motion should be granted based on "mistake, inadvertence, surprise, or excusable neglect" pursuant to Rule 60(b).

11. Plaintiff was preparing the opposition for March 24, 2023 and mistakenly was timing its response based on F.R.C.P. Rule 7(d) which allows 35 days for dispositive motions.

12. The decision to grant or deny relief pursuant to Rule 60(b) lies in the "sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances." Ross v. Meagan, 638 F.2d 646, 648 (3d Cir. 1981).

13. Relief should be granted in circumstances where the "overriding interest in the finality and repose of judgments may properly be overcome." Harris v. Martin, 834 F.2d 361, 364 (3d Cir. 1987) (quoting Martinez-McBean v. Government of the Virgin Islands, 562 F.2d 908, 913 (3d Cir. 1977)).

14. The determination of whether a party's neglect is 'excusable' is essentially an equitable one, in which courts are to take into account all relevant circumstances surrounding a party's failure to file." George Harms Const. Co. v. Chao, 371 F.3d 156, 163-64 (3d Cir. 2004) (quoting Chemetron Corp. v. Jones, 72 F.3d 341, 349 (3d Cir. 1995) (internal citations omitted).

15. The Supreme Court pointed to several factors in this consideration: "the danger of prejudice ... , the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id. (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship et al, 507 U.S. 380 at 395 (1993)).

16. In this circumstance, there's no history of history of dilatoriness exhibited by Plaintiff.

17. Plaintiff was fully engaged in the process. At the time of the Court's decision, Plaintiff was preparing its opposition to the motion.

18. Analogous to the entering of a default judgment, the Court granted Defendant Schiff's motion unopposed.

19. Here, there would be no prejudice to Defendant Schiff for the Court to consider Plaintiff's arguments.  The Plaintiff can present meritorious arguments opposing Defendant's Schiff's motions, and Plaintiff's actions constitute excusable neglect.

**WHEREFORE**, Plaintiff prays that this Honorable Court grant the relief requested in this Motion.

/s/ Ronald G. Poliquin
Ronald G. Poliquin, Esquire
I.D. No.  4447
1475 S. Governors Ave.
Dover, DE  19904
302-702-5501


/s/ Brian R. Della Rocca
Brian R. DELLA Rocca, ESQUIRE
51 Monroe Street. Suite 408
Rockville, MD 20850
(240) 560-3030

Attorneys for Plaintiff John Mac Isaac

Date: March 24, 2023