# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN PAUL MAC ISAAC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:23-cv-247-MN |
| | ) |
| CABLE NEWS NETWORK, INC., ADAM BENNETT SCHIFF, POLITICO LLC, ROBERT HUNTER BIDEN, AND BFPCC, INC., | ) |
| | ) |
| Defendants. | ) |

**UNITED STATES' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM A JUDGMENT OR ORDER PURSUANT TO RULE 60(b)**

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

JAMES G. TOUHEY, JR.
Director, Torts Branch

STEPHEN R. TERRELL (Cal. Bar No. 21004)
Attorney
Torts Branch
United States Department of Justice
P.O. Box 888
Washington, DC 20044
(202) 353-1651
Stephen.Terrell2@usdoj.gov

*Counsel for the United States*

**TABLE OF CONTENTS**

I.   INTRODUCTION ........................................................................................................... 1

II.  RELEVANT PROCEDURAL BACKGROUND................................................................ 1

III. THE COURT SHOULD DENY PLAINTIFF'S MOTION ................................................ 2

IV.  ALTERNATIVELY, THE COURT SHOULD PERMIT THE UNITED STATES AN OPPORTUNITY TO FILE A REPLY BRIEF. ................................................................. 5

V.   CONCLUSION................................................................................................................ 6

# TABLE OF AUTHORITIES

## Cases

*Brittingham v. Wells Fargo Bank, N.A.*, 543 F. App'x 372 (5th Cir. 2013) .................................... 5

*Chemetron Corp. v. Jones*, 72 F.3d 341 (3d Cir. 1995) ................................................................ 3

*George Harms Constr. Co. v. Chao*, 371 F.3d 156 (3d Cir. 2004) ................................................. 3

*In re Cendant Corp. PRIDES Litig.*, 235 F.3d 176 (3d Cir. 2000) ................................................. 3

*Mayberry v. Maroney*, 558 F.2d 1159 (3d Cir. 1977) .................................................................... 1

*Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250 (2016) ....................................... 5

*Negron v. Celebrity Cruises, Inc.*, 316 F.3d 60 (1st Cir. 2003) ...................................................... 5

*Osborn v. Haley*, 549 U.S. 225 (2007) .......................................................................................... 3

*Pace v. DiGuglielmo*, 544 U.S. 408 (2005) ................................................................................... 5

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993) ........................... 3

*Schrob v. Catterson*, 967 F.2d 929 (3d Cir. 1992) ........................................................................ 4

*United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010) ........................................... 2, 5

## Statutes

28 U.S.C. § 2679 ............................................................................................................................ 3

## Rules

D. Del. LR 7.1.2 .......................................................................................................................... 2, 5

Fed. R. Civ. P. 60 ..................................................................................................................... 2, 3, 5

I.         INTRODUCTION

This Court properly held that the Westfall Act requires substitution of the United States as defendant for Representative Adam Schiff in this defamation action arising out of Representative Schiff's Cable News Network ("CNN") interview where a CNN host interviewed Representative Schiff as "the Chairman of the House Intelligence Committee."  Mem. Op. (D.I. No. 15).  The Court also correctly held that it lacked subject matter jurisdiction over the United States as substituted defendant because plaintiff failed to exhaust his administrative remedies under the Federal Tort Claims Act ("FTCA").  *Id.*  Plaintiff now seeks reconsideration of those rulings because his counsel mis-calendared his response deadline.  Mot. for Relief ¶¶ 10–11 (D.I. No. 18).  Considering the totality of the circumstances, plaintiff's counsel's failure to properly calendar plaintiff's response deadline does not qualify as "exceptional circumstances," *Mayberry v. Maroney*, 558 F.2d 1159, 1163 (3d Cir. 1977), warranting relief where, as hear, the Court addressed the merits of the United States' motion rather than simply granting the motion without analysis because plaintiff failed to file an opposition.  *See generally* Mem. Op.  Thus, the Court should deny plaintiff's motion.  Alternatively, if the Court grants plaintiff's motion, it should afford the United States seven days from the date of that order to file a reply brief.

II.        RELEVANT PROCEDURAL BACKGROUND

On March 7, 2023, the United States removed this action to this Court from the Superior Court of the State of Delaware, County of Sussex, using the 1:99-mc-9999 general case opening case number with Electronic Case Filing ("ECF") system.  Later that same day, the ECF Clerk assigned a case number and (based upon the certificate of service filed with the notice of removal) caused ECF to electronically serve the notice of removal to, amongst others, plaintiff's counsel Mr. Poliquin.  Ex. A.

On March 8, 2023, the United States filed its motion to substitute and dismiss. Mot. (D.I. No. 4). Again, ECF electronically served notice of the filing to plaintiff's counsel, Mr. Poliquin. Ex. B. The United States also served a courtesy copy of that filing by electronic mail to, among others, plaintiff's counsel Messrs. Poliquin and Della Rocca. Ex. C. In that email, counsel for the United States advised counsel for plaintiff, "[w]e're happy to discuss an agreed-upon briefing schedule." *Id.* Counsel for plaintiff never contacted counsel for the United States to discuss an agreed-upon briefing schedule for the United States' motion.

Although plaintiff believed that he had "35 days for dispositive motions" to respond pursuant to "F.R.C.P. Rule 7(d)," Mot. for Relief ¶ 11, there is no such rule. Plaintiff's opposition to the United States' motion, if any, was due 14 days later, or by March 22, 2023. D. Del. LR 7.1.2(b). Plaintiff did not timely file an opposition.

On March 24, 2023, the Court issued is opinion granting the United States' motion. Mem. Op. Although the Court noted that the United States' motion had not been opposed, *id.* at 1, the Court went on to address the United States' arguments on the merits, *id.* at 3–5.

### III. THE COURT SHOULD DENY PLAINTIFF'S MOTION

Rule 60 provides specific, enumerated, bases for relief from a judgment or order and the Rule "strikes a balance between the need for finality of judgments and the importance of ensuring that litigants have a full and fair opportunity to litigate a dispute." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 276 (2010) (addressing Rule 60(b)(4)). One enumerated basis for relief from a judgment or order is "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). That is the sole basis upon which plaintiff seeks relief here. Mot. for Relief ¶ 10. More specifically, plaintiff seeks relief because plaintiff's counsel mis-

calendared plaintiff's deadline to respond to the United States' motion to substitute and dismiss. *Id.* ¶¶ 11, 17. This mistake is not a basis to grant relief here.

When assessing Rule 60(b)(1) motions, whether a party's "neglect is 'excusable is essentially an equitable [test], in which courts are to take into account all relevant circumstances surrounding a party's failure to file.'" *George Harms Constr. Co. v. Chao*, 371 F.3d 156, 163 (3d Cir. 2004) (quoting *Chemetron Corp. v. Jones*, 72 F.3d 341, 349 (3d Cir. 1995)). To evaluate this equitable issue, the Court should balance the four *Pioneer* factors: "'[1] the danger of prejudice to the [opposing party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.'" *In re Cendant Corp. PRIDES Litig.*, 235 F.3d 176, 182 (3d Cir. 2000) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Here, the first, third, and fourth factors all weigh against granting plaintiff's motion.

The first factor—the danger of prejudice to the government and Representative Schiff—weighs strongly in favor of the United States. In the Westfall Act, Congress mandated that once the Attorney General certifies that the defendant federal officer was acting within the scope of his office at the relevant time the United States "shall" be substituted as the sole defendant in the action. 28 U.S.C. § 2679(d)(2); *see also Osborn v. Haley*, 549 U.S. 225, 230 (2007) ("Upon the Attorney General's certification, the employee is dismissed from the action, and the United States is substituted as defendant in place of the employee."). The Westfall Act therefore "spares" federal employees from "the burden of defending a suit." *Osborn*, 549 U.S. at 238–39. Accordingly, the certification constitutes prima facie evidence that the employee's challenged conduct occurred within the scope of employment and a plaintiff challenging the certification

bears a heavy burden of providing facts to rebut the certification. *Schrob v. Catterson*, 967 F.2d 929, 936 (3d Cir. 1992).

Here, the Court carefully reviewed the applicable law and plaintiff's allegations to assess whether plaintiff could overcome the certification. Mem. Op. at 3–4. Plaintiff presents no facts in his proposed opposition. Mot. for Relief, Ex. A (D.I. No. 18-1). Thus, the Court already considered plaintiff's allegations when ruling on the United States' motion. The Court also addressed the argument plaintiff proposes to advance in his opposition. It noted that "Plaintiff offers conclusory allegations that Schiff was not acting in the scope of his employment." Mem. Op. at 4. Reviewing the same, the Court concluded that "[s]uch conclusory (and somewhat contradictory) allegations cannot overcome the *prima facie* evidence of the certification." *Id.* Plaintiff's proposed opposition will not alter the outcome of the United States' motion.

The Court should balance the prospect of continued litigation involving the government, continued legal uncertainty for Representative Schiff, and the overwhelming weight of authority holding that Members of Congress act within the scope of their employment when they comment on an event of widespread public interest, *see* Mot. at 8 (citing cases), against plaintiff's desire to file an opposition brief advancing no evidence to rebut the certification. The prejudice to the government outweighs plaintiff's desire to file an opposition brief. This is especially true as the Court addressed the merits of the United States' motion in its opinion and did not simply grant the motion because it was unopposed.

As to the third factor of the *Pioneer* test—the reason for the delay, including whether it was within the reasonable control of the movant—plaintiff is solely responsible for his tardiness. Rule 60 is not intended to apply where a "party has been afforded a full and fair opportunity to litigate, [but] the party[] fail[ed] to avail itself of that opportunity." *United Student Aid Funds,*

*Inc.*, 559 U.S. at 276 (addressing Rule 60(b)(4)).  Here, plaintiff's counsel received ECF notice of the United States' motion, an electronic mail copy of the United States' motion, and an invitation from counsel for the United States to discuss a briefing schedule.  Plaintiff had a "full and fair" opportunity to file an opposition but did not.  A party or a party's lawyer's mistaken understanding of the law is "not an obstacle beyond its control."  *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 257 (2016) (discussing equitable tolling).  Further, "routine carelessness by counsel leading to a late filing is not enough to constitute excusable neglect."  *Negron v. Celebrity Cruises, Inc.*, 316 F.3d 60, 62 (1st Cir. 2003); *see also Brittingham v. Wells Fargo Bank, N.A.*, 543 F. App'x 372, 374 (5th Cir. 2013) ("calendar error" at counsel's firm not excusable neglect under Rule 60).  Here, plaintiff's reason for delay was within his control.

With respect to the fourth factor—whether the movant acted in good faith—that also tips in favor of the United States.  The United States sought to make sure that plaintiff's counsel timely received its motion.  Tab C.  The United States also invited plaintiff's counsel to engage on discussing a briefing schedule for the United States' motion.  *Id.*  Plaintiff's counsel did nothing until it was too late.  Equity will not protect a plaintiff who "sits on his rights."  *Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005).

The equities here favor denying plaintiff's request for Rule 60 relief.  The Court should therefore deny the motion in full.

**IV.     ALTERNATIVELY, THE COURT SHOULD PERMIT THE UNITED STATES AN OPPORTUNITY TO FILE A REPLY BRIEF.**

Should the Court nonetheless grant plaintiff's motion, the United States requests that it have an opportunity to file a reply brief.  D. Del. LR 7.1.2(b).  The United States requests seven days from the date the Court grants plaintiff's motion (if it grants plaintiff's motion) to file its reply.

## V. CONCLUSION

For these reasons, the United States respectfully request that the Court deny plaintiff's motion. In the event that the Court grants plaintiff's motion, the United States requests seven days from that order to file a reply brief.

                                      Respectfully submitted,

                                      BRIAN M. BOYNTON
                                      Principal Deputy Assistant Attorney General
                                      Civil Division

                                      JAMES G. TOUHEY, JR.
                                      Director, Torts Branch

                                      /s/ Stephen R. Terrell
                                      STEPHEN R. TERRELL (Cal. Bar No. 21004)
                                      Attorney
                                      Torts Branch
                                      United States Department of Justice
                                      P.O. Box 888
                                      Washington, DC 20044
                                      (202) 353-1651
                                      Stephen.Terrell2@usdoj.gov

                                      *Counsel for the United States*

Dated: April 3, 2023