# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOHN PAUL MAC ISAAC, | : | |
| | : | |
| Plaintiff, | : | Case No. 1:23-cv-247 (MN) |
| | : | |
| v. | : | |
| | : | |
| CABLE NEWS NETWORK, *et. al.*, | : | |
| | : | |
| Defendants. | : | |

# REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF JOHN PAUL MAC ISAAC'S MOTION FOR RELIEF FROM A JUDGMENT OR ORDER PURSUANT TO RULE 60(b)

## **Table of Contents**

                                                                                                                  **Page**

Table of Citations ……………………………………………………………… 2

Argument …………………………………………………………………….... 3

      I.      Preliminary Statement ……………………………………………. 3

      II.     The Court Should Grant Plaintiff's Motion for Relief ………..…….. 3

              A.  Danger of Prejudice to Schiff …………………….....…………. 4

              B.  Length of Delay ………………………………………....……….. 5

              C.  Reason for Delay ……………………………………………….… 6

              D.  Good Faith ………………………………………………………….. 6

      III.    Conclusion ………………………………………………………... 7

## **Table of Citations**

**Page**

*Brown v. Armstrong*, 949 F.2d 1007, 1012 (8th Cir. 1991) ………………………. 5

*Crown Packaging Tech., Inc. v. Rexam Bev.
Can Co.*, 679 F. Supp. 2d 512, 519 (D. Del. 2010) ………………………………. 6

*Pioneer Inv. Servs. Co. v. Brunswick Assocs.
Ltd. P'ship*, 507 U.S. 380 (1993) ………………………………………………… 4

## I.   Preliminary Statement

Plaintiff's counsel admittedly missed the response deadline pursuant to Del. R. LR 7.1.2(b), incorrectly believing the deadline to be 30 days after the United States Department of Justice ("DOJ") filed its motion to substitute and dismiss on behalf of Defendant, Adam Bennett Schiff ("Schiff"), on March 7, 2023. Despite incorrectly believing the response deadline was April 6, 2023, Plaintiff was prepared to file its opposition to the DOJ's filings "early," on March 24, 2023. In reality, the filing deadline was three days prior, on March 21, 2023.

To the dismay of the Plaintiff, this Honorable Court granted the DOJ's motion to dismiss, thereby removing Schiff from the Plaintiff's case. In response, on that same day, Plaintiff filed its Motion for Relief from Judgment or Order Pursuant to Rule 60(b), which attached is opposition to the DOJ's motion to dismiss as Exhibit A ("Plaintiff's Motion").

Plaintiff's counsel understands that it was mistaken in its calculation of the deadline to file its opposition but respectfully request that this Honorable Court grant the Plaintiff's Motion and allow the parties to argue the merits of the motion to dismiss.

## II.   The Court Should Grant Plaintiff's Motion for Relief

The DOJ, in its opposition to the Plaintiff's Motion, correctly cites the relevant analysis based on the four *Pioneer* factors for a Court's determination of a

3

motion brought pursuant to Rule 60. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993). However, the DOJ is incorrect with its application of the analysis.

### A. Danger of Prejudice to Schiff

Granting the Plaintiff's motion will not have a prejudicial effect on the Defendant. In fact, not granting the motion and evaluating the arguments of both Plaintiff and Defendant may be more prejudicial to the Defendant. The Department of Justice sought fit to certify this matter under the auspices of the Westfall Act. The Plaintiff has opposed the DOJ's certification and has stated its reasoning therefore.

Granting the Plaintiff's motion would allow the DOJ and the Plaintiff to argue the merits of their differing stances regarding certification. This allowance will give the DOJ the opportunity to explain why such a determination was made. Absent this opportunity, the Court of public opinion will likely rule harshly against Congressman Schiff, who admitted to communicating false information to the public.

While the certification by the DOJ under the Westfall Act is *prima facie* evidence that the conduct occurred within the scope of employment, it is subject to being proved otherwise. Plaintiff has provided significant factual details in the Amended Complaint from which this Court can determine whether the DOJ's

certification was correct. Challenges to the DOJ's certification "must be resolved before trial, as soon after the motion for substitution as practicable, even if an evidentiary hearing is needed to resolve relevant fact disputes." *Brown v. Armstrong*, 949 F.2d 1007, 1012 (8th Cir. 1991).

Therefore, if the factual allegations in the Amended Complaint are insufficient to prove that the DOJ's certification is misplaced, an evidentiary hearing can be used to resolve the relevant factual disputes.

As there is no real prejudice to Schiff, this factor tips in favor of the Plaintiff.

### B. Length of Delay

As was outlined in the Plaintiff's Motion, Plaintiff's counsel had been working on and planned to file its opposition to the United State's motion to dismiss on the day of the Court's order dismissing the case. The brief had been prepared and was in its final review to be filed well in advance of what Plaintiff's counsel mistakenly believed to be a 30-day response deadline.

Unfortunately, Plaintiff's counsel concedes that they were wrong but that, ultimately, the delay was only three days, not an unreasonably long time after the deadline. As conceded by the DOJ, this second factor weighs heavily in favor of Plaintiff.

### C. *Reason for Delay*

Plaintiff's counsel do not attempt to argue that there was any reason for the delay other than a mistake of the deadline. It certainly was in the reasonable control of counsel yet a mistake was made. Plaintiff concedes that this factor weighs in favor of DOJ.

### D. *Good Faith*

Plaintiff disagrees with DOJ's "analysis" that Plaintiff's counsel is not acting in good faith. DOJ's only argument is that the DOJ acted in good faith by notifying the Plaintiff of its filing and then expands on that argument by attempting to apply the doctrine of laches to the Plaintiff's three day late filing.

Plaintiff does not argue that the DOJ notified Plaintiff's counsel of the filing and the DOJ's happiness to discuss a briefing schedule. However, Plaintiff asserts that it has been acting in good faith throughout the entirety of this matter, was actively engaged in the process with the parties, and has no prior history of dilatory filings.

Plaintiff also disputes the DOJ's use of laches as a reason to deny Plaintiff's motion. The law on laches is rooted in the equitable principle that courts will not assist one who has "slept on his rights." *Crown Packaging Tech., Inc. v. Rexam Bev. Can Co.*, 679 F. Supp. 2d 512, 519 (D. Del. 2010). For DOJ to establish a laches defense, DOJ must prove: 1) an unreasonable and inexcusable delay by the

Plaintiff when the plaintiff knew or reasonably should have known of the filing deadline; and 2) material prejudice to the Schiff resulting from the delay *See Id*. at 519-20. Material prejudice may be defined as either evidentiary prejudice or economic prejudice. *Id*. Evidentiary prejudice arises when the infringer cannot put on a fair defense because of the loss of records, death of witnesses, or the dimming of memories. *Id*. Economic prejudice arises when an infringer suffers the loss of monetary investments or incurs damages that would likely have been prevented by an earlier suit. *Id*.

In this case, there is no evidentiary prejudice suffered by Schiff as the delay was solely three days and there was not adequate time for the loss of records, death of witnesses, or the dimming of memories. There is also no economic prejudice to Schiff in Plaintiff's mistaken actions as he suffered no economic damages as a result of the three-day delay.

Based on this analysis, the fourth factor weighs in favor of Plaintiff.

### III. Conclusion

For the foregoing reasons, Plaintiff respectfully requests that this Honorable Court grant his motion for relief and order the DOJ to file a Reply Brief within 7 days from the date the Court grants the motion.

Respectfully submitted,

| | |
|---|---|
| */s/ Brian R. Della Rocca* | */s/ Ronald G. Poliquin* |
| **Brian R. Della Rocca, Esquire** | **Ronald G. Poliquin, Esquire** |
| *Admitted Pro Hac Vice* | I.D. No. 4447 |
| Compass Law Partners | 1475 S. Governors Ave. |
| 51 Monroe Street, Suite 408 | Dover, DE 19904 |
| Rockville, Maryland 20850 | Ph: (302) 702-5501 |
| Ph: (240) 560-3030 | ron@poliquinfirm.com |
| Fax: (301) 740-2297 | |
| bdellarocca@compass-law.com | |

***Attorneys for Plaintiff John Paul Mac Isaac***

Date: April 7, 2023