# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN PAUL MAC ISAAC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:23-cv-247 |
| | ) |
| CABLE NEWS NETWORK, INC., ADAM | ) |
| BENNETT SCHIFF, POLITICO LLC, | ) |
| ROBERT HUNTER BIDEN, AND BFPCC, | ) |
| INC., | ) |
| | ) |
| Defendants. | ) |

**UNITED STATES' REPLY IN SUPPORT OF ITS MOTION TO SUBSTITUTE AND
DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION
PURSUANT TO RULE 12(b)(1)**

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

JAMES G. TOUHEY, JR.
Director, Torts Branch

STEPHEN R. TERRELL (Cal. Bar No. 21004)
Attorney
Torts Branch
United States Department of Justice
P.O. Box 888
Washington, DC 20044
(202) 353-1651
Stephen.Terrell2@usdoj.gov

*Counsel for the United States*

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT .................................................................................................................. 2

III. CONCLUSION ............................................................................................................... 4

# TABLE OF AUTHORITIES

## Cases

*Green v. Hall*, 8 F.3d 695 (9th Cir. 1993) .................................................................................... 1

*Klayman v. Obama*, 125 F. Supp. 3d 67 (D.D.C. 2015) ................................................................ 4

*Lyons v. Brown*, 158 F.3d 605 (1st Cir. 1998) .............................................................................. 1

*Operation Rescue National v. United States*, 975 F. Supp. 92, aff'd, 147 F.3d 68 (1st Cir. 1998) 3

*S.J. & W. Ranch, Inc. v. Lehtinen*, 913 F.2d 1538 (11th Cir. 1990) .............................................. 1

*Saleh v. Bush*, 848 F.3d 880 (9th Cir. 2017) ................................................................................. 1

*Schrob v. Catterson*, 967 F.2d 929 (3d Cir. 1992) .................................................................... 2, 4

*Smith v. Clinton*, 886 F.3d 122 (D.C. Cir. 2018) .......................................................................... 4

*United States v. Brewster*, 408 U.S. 501 (1972) ........................................................................... 2

*Wilson v. Libby*, 535 F.3d 697 (D.C. Cir. 2008) ........................................................................... 1

*Wuterich v. Murtha*, 562 F.3d 375 (D.C. Cir. 2009) .................................................................... 4

## Statutes

28 U.S.C. § 2679 ............................................................................................................................ 1

I.      INTRODUCTION

Under the Westfall Act, 28 U.S.C. § 2679(d)(2), the Director of the Torts Branch certified that Representative Adam Schiff was acting within the course and scope of his employment with the House of Representatives when he participated in the Cable News Network ("CNN") interview that forms the basis of plaintiff's defamation claims.  Plaintiff acknowledges that in order to rebut the certification it is his burden to show "by a preponderance of the evidence" that Representative Schiff "was not acting within the scope of his office or employment as a Member [of Congress]."  Opp'n at 8 (D.I. No. 18-1) (citing *Saleh v. Bush*, 848 F.3d 880, 889 (9th Cir. 2017); *Wilson v. Libby*, 535 F.3d 697, 711 (D.C. Cir. 2008); *Lyons v. Brown*, 158 F.3d 605, 610 (1st Cir. 1998); *Green v. Hall*, 8 F.3d 695, 698 (9th Cir. 1993); *S.J. & W. Ranch, Inc. v. Lehtinen*, 913 F.2d 1538, 1543 (11th Cir. 1990)).  In his proposed opposition brief, plaintiff adduces no evidence to rebut the Westfall Act certification and makes only conclusory assertions.[1]  Therefore, plaintiff has failed to meet his burden, and the Court should substitute the United States as defendant for Representative Schiff.

Once substituted as defendant, plaintiff does not dispute that the Court lacks subject matter jurisdiction over the United States.  Accordingly, plaintiff concedes that dismissal would be appropriate upon substitution.

---

[1] On March 8, 2023, the United States moved to substitute itself for Representative Schiff as one of the defendants in this case and moved for dismissal.  The plaintiff failed to timely respond to that motion.  On March 24, 2023, this Court granted the United States' motion in full and ordered the remainder of the matter remanded to the Superior Court of the State of Delaware. (D.I. No. 16).  Plaintiff then moved to set aside that judgment under Rule 60(b), attaching a proposed brief that he wished to file in opposition to the United States' motion to substitute. (D.I. No. 18).  The United States opposed plaintiff's Rule 60(b) motion. (D.I. No. 20).  On June 7, in the interest of time, this Court invited the United States to file a reply brief in response to plaintiff's proposed opposition, noting that it had not granted plaintiff's Rule 60(b) motion. (D.I. No. 23).  The United States submits this reply brief in response to the Court's invitation and notes that it continues to oppose plaintiff's Rule 60(b) motion.

## II. ARGUMENT

There is no basis to reject the Westfall Act certification here. The Court should only reject a Westfall Act certification if plaintiff meets his "burden of coming forward with specific facts rebutting it." *Schrob v. Catterson*, 967 F.2d 929, 936 (3d Cir. 1992). In other words, plaintiff must present specific facts showing that under the applicable law Representative Schiff's CNN interview was not within the scope of his employment. As set forth in the United States' motion, ample caselaw establishes that Representative Schiff's interview with a national news network in his capacity as "the Chairman of the House Intelligence Committee," Compl. Ex. I at 17/24 (D.I. No. 3-11), was within the scope of his employment as a Member of Congress. Mot. at 8 (D.I. No. 4). Plaintiff primarily makes two arguments in his proposed opposition, but as set forth below, neither is meritorious.

*First*, plaintiff contends that Representative Schiff's interview was not done pursuant to an enumerated or implied power of Congress. Opp'n at 9–10. But Members of Congress do not have narrow and limited "official duties" that proscribe the scope of their employment. Indeed, the Supreme Court has rejected plaintiff's assertion that Members of Congress have specific limited "official duties." *Id.* As the Court has explained in the Speech and Debate Clause context, "[i]t is well known, of course, that Members of the Congress engage in many activities other than the purely legislative activities . . . [including] a wide range of legitimate 'errands' performed for constituents, the making of appointments with Government agencies, assistance in securing Government contracts, preparing so-called 'news letters' to constituents, news releases and speeches delivered outside the Congress." *United States v. Brewster*, 408 U.S. 501, 512 (1972). Speaking to the press about matters of public concern is a core job function for Members of Congress. Accordingly, plaintiff's contention that the nature of the conduct here does not fall

within the scope of employment for a Member of Congress is unsupported.

*Second*, plaintiff asserts that he has met his burden of rebutting the Westfall Act certification by alleging that Representative Schiff's CNN interview constituted electioneering and campaign activity.  To support this argument, plaintiff points to allegations in his complaint asserting that "it is more likely than not that Schiff knew that his statements during the Interview were lies," that the "information in the Hunter Biden laptop was of the type that would hurt the candidacy of Biden," and that "Schiff had a record of campaigning for Biden."  Opp'n at 10.  Even taking these points collectively, plaintiff has provided nothing more than a conclusory assertion that Representative Schiff's statements constituted electioneering and campaign efforts—one that is belied by the facts.  The reporter was interviewing Representative Schiff as "the Chairman of the House Intelligence Committee," Am. Compl. Ex. I (D.I. No. 3-11), not as a campaign official and not as part of any campaign activity.  Thus, nothing about Representative Schiff's unrelated campaign activity is relevant to the scope of employment analysis here, and the mere fact that Representative Schiff may have been separately involved in, or supported a candidate for, the Presidential election is neither unusual nor of any import.  Moreover, the specific question from the reporter was about intelligence matters, and Representative Schiff was, at the time, Chairman of the House of Representatives Permanent Select Committee on Intelligence.  Am. Compl. ¶ 4 (D.I. No. 3-52).  Answering questions from a journalist about congressional activities is not an "electioneering and campaign effort," even if it could have some incidental impact on an individual's future electoral prospects.[2]

---

[2] In *Operation Rescue National v. United States*, Senator Kennedy was attending an "event to raise funds for his upcoming campaign for reelection" when a reporter asked him a question about a pending bill.  975 F. Supp. 92, 108 (D. Mass. 1997), aff'd, 147 F.3d 68 (1st Cir. 1998).  Accordingly, that court assumed "for present purposes that the Senator's remarks were

And, contrary to plaintiff's assertions, the test for scope of employment is not whether the statements were allegedly defamatory. Opp'n at 12. A scope of employment analysis necessarily trains on the nature of the conduct at issue, not on whether the conduct was allegedly tortious or improper. *See, e.g., Smith v. Clinton*, 886 F.3d 122, 126 (D.C. Cir. 2018); *Klayman v. Obama*, 125 F. Supp. 3d 67, 83 (D.D.C. 2015).

In sum, plaintiff fails to meet his burden to present facts or law rebutting the Westfall Act certification. The Court should therefore honor the certification and substitute the United States as defendant for Representative Schiff. It should do so without permitting any discovery, *contra* Opp'n at 13 (requesting "limited discovery"), because "[i]f the facts can be determined without an evidentiary hearing, the court can rule on a pretrial motion to substitute or to set aside the substitution based on the certification, pleadings, documentary evidence, and affidavits." *Schrob*, 967 F.2d at 936; *see also Wuterich v. Murtha*, 562 F.3d 375, 382 (D.C. Cir. 2009) ("by authorizing discovery notwithstanding Congressman Murtha's claim that he was acting within the scope of his employment" the district court was "effectively den[ying]" the employee the absolute immunity afforded by the Westfall Act and immediately appealable).

### III. CONCLUSION

The Court should substitute the United States as defendant for Representative Schiff. Once substituted, the Court should dismiss the United States for lack of subject matter jurisdiction because plaintiff concedes he has failed to exhaust his administrative remedies under the Federal Tort Claims Act.

---

also motivated in some measure by a desire to promote his personal popularity, and thus enhance his ability to raise campaign funds and win votes." *Id.* at 95. The court nonetheless concluded that Senator Kennedy's remarks, in response to a question from the reporter about pending legislation, were within the scope of his employment. *Id.* at 109.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

JAMES G. TOUHEY, JR.
Director, Torts Branch

 /s/ Stephen R. Terrell
STEPHEN R. TERRELL (Cal. Bar No. 21004)
Attorney
Torts Branch
United States Department of Justice
P.O. Box 888
Washington, DC 20044
(202) 353-1651
Stephen.Terrell2@usdoj.gov

*Counsel for the United States*

Dated: June 9, 2023